State vs. Jones.

## No. 11,128.

### THE STATE OF LOUISIANA VS. FRANK JONES.

It has been repeatedly held, on constitutional grounds, that the Supreme Court has no jurisdiction to review the facts submitted to a jury in a criminal case, so as to determine the correctness or incorrectness of the verdict.

The Supreme Court can not take notice of any fact in a criminal case relating to the legal question presented, unless excepted to at the time and brought up in a bill.

APPEAL from the Twenty-first District Court, Parish of St. Charles. *Rost, J.*

*M. J. Cunningham*, Attorney General, for the State, Appellee.

*Hiddleston Kenner* for Defendant and Appellant.

The opinion of the court was delivered by

McENERY, J. The accused was convicted of horse stealing and sentenced. He appealed.

He complains of the overruling of his motion for a new trial.

The motion for a new trial alleged:

1. None of the State witnesses testified to having seen the accused actually steal the horse, or even that he was ever in St. Charles parish.

2. The accused swore that the horses were given to him to sell, and this was uncontradicted either by parol or circumstantial evidence.

3. The accused had no witnesses. Two of the witnesses were summoned but not found, and two others were not summoned, the clerk having failed to receive the notice requiring him to issue the subpœnas.

4. That the accused was confined in jail and unrepresented by counsel, and was not, therefore, able to make a proper defence.

The first and second grounds are, in effect, a contention that he was convicted on insufficient evidence.

It has been repeatedly held, on constitutional grounds, that we have no jurisdiction to review the facts submitted to a jury in a criminal case, so as to determine the correctness or incorrectness of their verdict. State vs. Polite, 33 An. 1016; State vs. Reilly, 37 An. 5; State vs. Sweeney, 37 An. 1; State vs. Perkins, 40 An. 210; State vs. Spooner, 41 An. 780; State vs. Deschamps, 42 An. 567; State vs. Green, 43 An. 402; State vs. Ware, 43 An. 400.

On the third ground the record does not show that the accused made an application for a continuance on account of absent witnesses for the defence. And on the fourth, it does not appear that he made any effort to obtain the assistance of counsel, or that he had made application to the court to appoint counsel for him.

There is no bill of exceptions showing any adverse ruling of the trial judge on these last defences.

In deciding any legal point presented we can consider no fact relating to the same unless embodied in a bill of exception.

Judgment affirmed.